# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | | |
|---|---|---|
| Ryan Earhart, Cara Earhart, Kathryn Duke McGowan, Christian Burch Addison, Eleanor Margaret Haeg, Sally Peth, Graham Smith, Carper Family Revocable Trust, Christy Carper, Michael Carper, B and TF, LLC, Tony Fulton, Brigita Fulton, Julie Bell Lindsay, Ann Addlestone Apple, Joseph A. Novak, Shannon M. Novak, Stephen Murray, Carmelo Buccafurri, and Hall R. Easton, | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:25-5121-RMG |
| Plaintiffs, | ) ) | **ANSWER** **(Jury Trial Requested)** |
| v. | ) ) | |
| City of Charleston, | ) ) | |
| Defendant. | ) ) ) | |

The Defendant City of Charleston answers the Plaintiffs' Complaint herein as follows:

## FOR A FIRST DEFENSE

1.    The Defendant denies each and every allegation of the Plaintiffs' Complaint not hereinafter specifically admitted, qualified, or explained.

2.    As to the allegations set forth in Paragraph 1 of the Plaintiffs' Complaint, the Defendant admits only that an Order to Vacate was issued on February 27, 2025, by Ken Granata, Chief Building Official for the City of Charleston, which required the Townhouses at Dockside to be vacated by 5:00 p.m. on February 28, 2025.  The remaining allegations set forth in Paragraph 1 are denied.

1

3. As to the allegations set forth in Paragraph 2 of the Plaintiffs' Complaint, the Defendant admits only that an Order to Vacate was issued on February 27, 2025, by Ken Granata, Chief Building Official for the City of Charleston, which required the Townhouses at Dockside to be vacated by 5:00 p.m. on February 28, 2025. As to the remaining allegations set forth in Paragraph 2, the Defendant lacks sufficient information to admit or deny those allegations, and therefore, denies those allegations and demands strict proof thereof.

4. The allegations set forth in Paragraph 3 of the Plaintiffs' Complaint are denied.

5. As to the allegations set forth in Paragraphs 4 through 14 of the Plaintiffs' Complaint, the Defendant lacks sufficient information to admit or deny those allegations but craves reference to the legal title as the best evidence of fee simple ownership of the Townhouses at Dockside.

6. The allegations set forth in Paragraph 15 of the Plaintiffs' Complaint do not require a response.

7. The allegations set forth in Paragraph 16 of the Plaintiffs' Complaint are admitted.

8. The allegations set forth in Paragraph 17 of the Plaintiffs' Complaint are denied.

9. The allegations set forth in Paragraph 18 of the Plaintiffs' Complaint are admitted.

10. The allegations set forth in Paragraph 19 of the Plaintiffs' Complaint are jurisdictional in nature, to which no response is required.

11. As to the allegations set forth in Paragraphs 20 and 21 of the Plaintiffs' Complaint, the Defendant admits only that an Order to Vacate was issued on February 27, 2025, by Ken Granata, Chief Building Official for the City of Charleston, which required the Townhouses at Dockside to be vacated by 5:00 p.m. on February 28, 2025. Further answering, the Defendant

craves reference to the Order to Vacate for its specific language. The remaining allegations set forth in Paragraphs 20 and 21 are denied.

12. The allegations set forth in Paragraph 22 of the Plaintiffs' Complaint are denied.

13. As to the allegations set forth in Paragraphs 23 through 30 of the Plaintiffs' Complaint, the Defendant lacks sufficient information to admit or deny those allegations, and therefore, denies those allegations and demands strict proof thereof.

14. As to the allegations set forth in Paragraph 31 of the Plaintiffs' Complaint, the Defendant craves reference to the Order to Vacate issued on February 27, 2025, by Ken Granata, Chief Building Official for the City of Charleston, for its specific language including the references to the letter from Ralf Leistikow, PE of Wiss, Janney, Elstner Associates, Inc. to Dockside Association, Inc., dated February 25, 2025, entitled "Inadequate Safety Margins of the In-situ Elevated Concrete Slabs."

15. The allegations set forth in Paragraph 32 of the Plaintiffs' Complaint are denied. Further answering, the Defendant craves reference to the letter from Ralf Leistikow, PE of Wiss, Janney, Elstner Associates, Inc. to Dockside Association, Inc., dated February 25, 2025, entitled "Inadequate Safety Margins of the In-situ Elevated Concrete Slabs," and to the consequences of a failure and collapse of the Dockside Tower as addressed therein.

16. The allegations set forth in Paragraph 33 of the Plaintiffs' Complaint are denied. Further answering, the Townhouses of Dockside are constructed directly on the parking pavilion surrounding the Dockside Tower which would be catastrophically impacted by any collapse of the Dockside Tower.

17. The allegations set forth in Paragraph 34 of the Plaintiffs' Complaint are denied. Further answering, the Defendant craves reference to the letter from Ralf Leistikow, PE of Wiss,

3

Janney, Elstner Associates, Inc. to Dockside Association, Inc., dated February 25, 2025, entitled "Inadequate Safety Margins of the In-situ Elevated Concrete Slabs," and to the consequences of a failure and collapse of the Dockside Tower as addressed therein.

18.     As to allegations set forth in Paragraph 35 of the Plaintiffs' Complaint, the Defendant admits only that the Defendant relied on the opinions stated in the letter from Ralf Leistikow, PE of Wiss, Janney, Elstner Associates, Inc. to Dockside Association, Inc., dated February 25, 2025, entitled "Inadequate Safety Margins of the In-situ Elevated Concrete Slabs," in issuing the Order to Vacate on February 27, 2025.  Any allegations set forth in Paragraph 35 inconsistent with the foregoing are denied.

19.     The allegations set forth in Paragraph 36, 37, and 38 of the Plaintiffs' Complaint are denied.

20.     The allegations set forth in Paragraphs 39, 40, 41, and 42 of the Plaintiffs' Complaint are denied.  Further answering, the Defendant craves reference to the letter from Ralf Leistikow, PE of Wiss, Janney, Elstner Associates, Inc. to Dockside Association, Inc., dated February 25, 2025, entitled "Inadequate Safety Margins of the In-situ Elevated Concrete Slabs," and to the consequences of a failure and collapse of the Dockside Tower as addressed therein.

21.     The allegations set forth in Paragraph 43 of the Plaintiffs' Complaint are admitted.

22.     As to the allegations set forth in Paragraph 44 of the Plaintiffs' Complaint, it is unclear what is intended by the term "same radius" and accordingly the allegations are denied as stated.  Further answering, the Defendant admits that the described structures are located in the vicinity of the Dockside Tower but denies that those structures are part of the Dockside complex nor that those structures are constructed on the parking pavilion at the base of the Dockside Tower as are the Townhouses at Dockside.

4

23.     The allegations set forth in Paragraph 45 of the Plaintiffs' Complaint are admitted.

24.     The allegations set forth in Paragraph 46 of the Plaintiffs' Complaint are denied.

25.     The allegations set forth in Paragraph 47 of the Plaintiffs' Complaint are, upon information and belief, admitted.

26.     As to the allegations set forth in Paragraph 48 of the Plaintiffs' Complaint, the Defendant lacks sufficient information to admit or deny those allegations

27.     The allegations set forth in Paragraph 49 of the Plaintiffs' Complaint are denied. Further answering, the Defendant craves reference to the letter from Ralf Leistikow, PE of Wiss, Janney, Elstner Associates, Inc. to Dockside Association, Inc., dated February 25, 2025, entitled "Inadequate Safety Margins of the In-situ Elevated Concrete Slabs," and to the consequences of a failure and collapse of the Dockside Tower as addressed therein.

28.     The allegations set forth in Paragraph 50 of the Plaintiffs' Complaint are denied.

29.     As to the allegations set forth in Paragraph 51 of the Plaintiffs' Complaint, the Defendant craves reference to the Order to Vacate issued on February 27, 2025, by Ken Granata, Chief Building Official for the City of Charleston, for the specific language and the requests for additional information directed to Dockside Association, Inc.

30.     As to the allegations set forth in Paragraphs 52 through 59 of the Plaintiffs' Complaint, the Defendant lacks sufficient information to admit or deny those allegations, and therefore, denies those allegations and demands strict proof thereof.

31.     As to the allegations set forth in Paragraph 60 of the Plaintiffs' Complaint, the Defendant admits that the Plaintiffs had the right to file an appeal of the Order to Vacate to the Building Codes Board of Appeals and that appeals were filed by certain of the Plaintiffs and by Dockside Association, Inc. which is not a party to this litigation.

32.     As to the allegations set forth in Paragraph 61 of the Plaintiffs' Complaint, the Defendant admits that a hearing was held by the Building Codes Board of Appeals on May 5, 2025.

33.     As to the allegations set forth in the first sentence of Paragraph 62 of the Plaintiffs' Complaint, the Defendant craves reference to the record before the Building Codes Board of Appeals and the transcript of the hearing.  As to the remaining allegations in the second sentence of Paragraph 62, the Defendant lacks sufficient information to admit or deny those allegations, and therefore, denies those allegations and demands strict proof thereof.

34.     The allegations set forth in Paragraph 63 of the Plaintiffs' Complaint are admitted based on the date that the appeals were filed.

35.     As to the allegations set forth in Paragraphs 64 through 68 of the Plaintiffs' Complaint, the Defendant craves reference to the record before the Building Codes Board of Appeals and the transcript of the hearing.

36.     The allegations set forth in Paragraphs 69 and 70 of the Plaintiffs' Complaint are admitted.

37.     As to the allegations set forth in Paragraphs 71 through 75 of the Plaintiffs' Complaint, the Defendant craves reference to the written decision of Building Codes Board of Appeals issued on or about May 19, 2025.

38.     The allegations set forth in Paragraphs 76 and 77 of the Plaintiffs' Complaint are denied.

39.     As to the allegations set forth in Paragraph 78 of the Plaintiffs' Complaint, the Defendant reiterates and realleges each corresponding paragraph of this Answer set forth herein.

40. As to the allegations set forth in Paragraphs 79 through 85 of the Plaintiffs' Complaint, the Defendant denies those allegations and further denies that the Plaintiffs are entitled to the requested declaratory relief.

41. The allegations set forth in Paragraph 86 of the Plaintiffs' Complaint, including the requested relief, are denied.

42. As to the allegations set forth in Paragraph 87 of the Plaintiffs' Complaint, the Defendant reiterates and realleges each corresponding paragraph of this Answer set forth herein. The Defendant objects to the jumbling of causes of action.

43. The allegations set forth in Paragraphs 88 and 89 of the Plaintiffs' Complaint are denied.

44. The allegations set forth in Paragraph 90 of the Plaintiffs' Complaint, including the requested relief, are denied.

45. As to the allegations set forth in Paragraph 91 of the Plaintiffs' Complaint, the Defendant reiterates and realleges each corresponding paragraph of this Answer set forth herein. The Defendant objects to the jumbling of causes of action.

46. The allegations set forth in Paragraph 92 of the Plaintiffs' Complaint state a legal conclusion to which no response is required.

47. The allegations set forth in Paragraphs 93 through 97 of the Plaintiffs' Complaint are denied.

48. The allegations set forth in Paragraph 98 of the Plaintiffs' Complaint, including the requested relief, are denied.

49.     As to the allegations set forth in Paragraph 99 of the Plaintiffs' Complaint, the Defendant reiterates and realleges each corresponding paragraph of this Answer set forth herein. The Defendant objects to the jumbling of causes of action.

50.     As to the allegations set forth in Paragraph 100 of the Plaintiffs' Complaint, the Defendant admits that it is a municipality within the State of South Carolina and as such constitutes a political subdivision.

51.     The allegations set forth in Paragraphs 101, 102, 103, and 104 of the Plaintiffs' Complaint are denied.

52.     The allegations and relief sought in the Prayer for Relief are denied.

## FOR A SECOND DEFENSE

53.     The Plaintiffs' Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted.  The Defendant reserves its right to file a motion pursuant to Rule 12(b)(6), FRCP,  and/or Rule 12(c), FRCP.

## FOR A THIRD DEFENSE

54.     The Plaintiffs, in whole or in part, lack standing to assert each of the causes of action set forth in their Complaint.

## FOR A FOURTH DEFENSE

55.     The Plaintiffs' claims as pled in their Complaint are barred, in whole or in part, by operation of the *Parratt* doctrine.

## FOR A FIFTH DEFENSE

56.     The Plaintiffs' claims are barred, in whole or in part, based upon the defense of ripeness.

## FOR A SIXTH DEFENSE

57.     The Plaintiffs have failed to exhaust their state law and/or administrative remedies.

## FOR A SEVENTH DEFENSE

58.     The Defendant asserts that any actions by it at issue in this case were lawful, were within the power and authority and discretion of the Defendant as a municipal government, were not inconsistent or in conflict with State or Federal law, and were done or taken in good faith and in the public interest, and under a reasonable interpretation of the law and complied with all requirements of the law.

## FOR AN EIGHTH DEFENSE

59.     The Plaintiffs' claims are, in whole or in part, barred as a result of the police power validly exercised by the Defendant.

## FOR A NINTH DEFENSE

60.     The Plaintiffs' claims are, in whole or in part, barred by the doctrine of quasi-judicial immunity.

## FOR A TENTH DEFENSE

61.     The actions taken by the Defendant are fairly debatable and are therefore presumptively valid.

## FOR AN ELEVENTH DEFENSE

62.     The Plaintiffs have failed to mitigate their damages, thereby barring their recovery in whole or in part.

## FOR A TWELFTH DEFENSE

63.     As to the cause of action for inverse condemnation, the Defendant opposes the Plaintiffs' request for a trial by jury and demands a non-jury hearing for the court to determine

whether or not there has been a taking as provided for pursuant to *Kiriakides v. School District of Greenville County*, 382 S.C. 8, 675 S.E.2d 439 (2009), and *Cobb v. South Carolina Department of Transportation*, 365 S.C. 360, 618 S.E.2d 299 (2005).

WHEREFORE, having fully answered the Plaintiffs' Complaint, the Defendant City of Charleston prays that the Complaint be dismissed with prejudice, for the denial of all declaratory and injunctive relief, for the costs of this action include reasonable attorney's fees under 42 U.S.C. § 1988, and for such other and further relief as the Court deems just and proper.

LINDEMANN LAW FIRM, P.A.


BY:   *s/ Andrew F. Lindemann*
    ANDREW F. LINDEMANN          #5070
    5 Calendar Court, Suite 202
    Post Office Box 6923
    Columbia, South Carolina 29260
    (803) 881-8920
    Email: andrew@ldlawsc.com

JULIA P. COPELAND     #10344
Corporation Counsel
City of Charleston
50 Broad Street
Charleston South Carolina 29401
(843) 724-3730
Email: copelandj@charleston-sc.gov

*Counsel for Defendant City of Charleston*

June 26, 2025

10